**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Sankona Graham,

          Petitioner

v.

Nevada Dept. of Corrections, et al.,

          Respondents

Case No. 2:26-cv-00044-CDS-MDC

**Order Dismissing Petition**
**Without Prejudice as Duplicative and**
**Denying as Moot Petitioner's Motions**

[ECF Nos. 4, 7, 9, 10]

Pro se petitioner Sankona Graham commenced this habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Graham's motion for preliminary injunction, motion for status check, and motion for appointment of counsel. ECF Nos. 7, 9, 10. For the reasons discussed below, the Court dismisses the petition as duplicative and denies his motions as moot.

I.      **Background**

Graham challenges a conviction and sentence imposed by the Fifth Judicial District Court. In June 2023, the state district court entered a judgment of conviction. The state district court sentenced Graham to a term of 8 to 20 years. On July 22, 2024, Graham filed a state postconviction habeas petition. It appears such state habeas petition remains pending, and Graham asserts that the state district court is "stonewalling" and refusing to adjudicate his state habeas petition.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

In June 2025, Graham filed a federal habeas petition in an earlier case, *Graham v. Dzurenda*, Case No. 2:25-cv-01002-GMN-EJY.[2] The Court stayed the action pending final resolution of Graham's state habeas petition instructing Graham to file a motion to reopen within 45 days of the issuance of remittitur by the state appellate court at the conclusion of the state-court proceedings on the state habeas petition.

In January 2026, Graham dispatched the instant federal habeas petition for filing. ECF No. 4. He has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

II.     Discussion

As discussed above, court records show that Graham filed a federal habeas petition in an earlier case. In the earlier filed case, the Court stayed the proceedings pending final resolution of Graham's state habeas petition. The petition in this case challenges the same state court conviction as Graham's earlier filed case. The petition in this case is therefore duplicative of that already pending petition. As a general matter, duplicative litigation is subject to dismissal under 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming duplicative litigation is "an independent ground for dismissal"); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition

---

[2] The Court takes judicial notice of the proceedings in Graham's earlier filed case: *Graham v. Dzurenda*, Case No. 2:25-cv-01002-GMN-EJY.

of litigation." *Adams v. California*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

Accordingly, the Court dismisses the instant petition without prejudice as duplicative. Any claims Graham wishes to pursue must be asserted, if at all, in Case No: 2:25-cv-01002-GMN-EJY.

**III.     Conclusion**

IT THEREFORE IS ORDERED:

1.   Petitioner Sankona Graham's petition for writ of habeas corpus **[ECF No. 4] is dismissed without prejudice as duplicative**.

2.   Petitioner's motion for preliminary injunction **[ECF No. 7] is denied as moot**.

3.   Petitioner's motion for status check **[ECF No. 9] is denied as moot**.

4.   Petitioner's motion for appointment of counsel **[ECF No. 10] is denied as moot**.

5.   To the extent necessary, a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

6.   The Clerk of Court is kindly instructed to enter judgment accordingly, dismissing this action without prejudice, and close this case.

Dated: March 5, 2026

_____
Cristina D. Silva
United States District Judge